UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-60459-ALTMAN

**DAVRONBEK BURIEV**,

    *Petitioner*,

v.

**WARDEN, GEO, BROWARD TRANSITIONAL CENTER** and **GARRETT RIPA**, **FIELD OFFICE DIRECTOR**,

    *Respondents*.

_____/

**ORDER**

    The Petitioner, Davronbek Buriev, has filed two duplicative Motions for Joinder of Cases [ECF Nos. 3, 6].[1] Buriev wants us to join this case "with that of Huriyat Mamajonova"—an alien detainee (like Buriev) who's filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2241 in this District. *See* Petition, *Mamajonova v. Ripa*, No. 25-cv-60242-DMM (S.D. Fla. Feb. 7, 2025), ECF No. 1. Buriev urges us to join these cases under Federal Rule of Civil Procedure 20 "because they are identical in nature[.]" Motion for Joinder [ECF No. 6] at 1. For the following reasons, Buriev's Motion for Joinder is **DENIED**.

    "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (cleaned up). "The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating

---

[1] For the purposes of this Order, we'll refer to Buriev's second-filed Motion for Joinder [ECF No. 6].

unnecessary lawsuits." *Ulysse v. Waste Mgmt., Inc. of Fla.*, 645 F. App'x 838, 839 (11th Cir. 2016) (cleaned up). Federal courts have "broad discretion to join parties." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

In his Motion, Buriev gives us five reasons for his view that joinder is proper here. *First*, he says that both Buriev and Mamajonova "arrived in the United States . . . on the same boat." Motion for Joinder at 3. *Second*, he contends that "they were admitted to the [United States] by the same immigration officer." *Ibid.* (cleaned up). *Third*, he claims that "they were later arrested on the same day by the same immigration officers based on the same accusation." *Ibid. Fourth*, he alleges that "they are currently being detained at the same facility by the same officials." *Ibid. Fifth*, he insists that "they are alleging the same facts and asserting the same rights." *Ibid.*

Buriev's Motion for Joinder is virtually *identical* to a motion Mamajonova filed in her habeas case, where she *also* sought joinder. *Compare, e.g.*, Motion for Joinder at 1 ("Now comes the Petitioner and moves this Court for an Order Joining this Case with that of Huriyat Mamajonova . . . because they are identical in nature[.]"), *with* Motion for Joinder, *Mamajonova v. Ripa*, No. 25-cv-60242-DMM (S.D. Fla. Mar. 13, 2025), ECF No. 10 at 1 ("Now comes the Petitioner and moves this Court for an Order Joining this Case with that of Davronbek Buriev . . . because they are identical in nature[.]"). U.S. District Judge Donald M. Middlebrooks denied Mamajonova's motion, explaining that "the circumstances surrounding [Mamajonova]'s continued detention may differ from those alleged by Buriev." Omnibus Order, *Mamajonova v. Ripa*, No. 25-cv-60242-DMM (S.D. Fla. Mar. 14, 2025), ECF No. 11 at 2 (cleaned up).

We, too, deny the Motion for a couple of reasons. *First*, courts across the country agree that two petitioners cannot join a single habeas petition.[2] *Yancey v. Corbett*, 2007 WL 1149884, at *1 (E.D.

---

[2] It's true that a couple Florida federal judges have allowed multiple petitioners to join a single habeas petition. *See James v. Meissner*, 90 F.R.D. 658, 661 (S.D. Fla. 1981) (Hastings, J.) (holding that joinder of the petitioners in a 28 U.S.C. § 2241 action "satisfie[d] the requirements of Rule 20(a)" because the

Pa. Apr. 12, 2007) (O'Neill, J.) ("There is no authority for permitting multiple petitioners to file one single petition for habeas corpus relief[.]"); *Rouse v. Michigan*, 2017 WL 3394753, at *1 (E.D. Mich. Aug. 8, 2017) (Hood, C.J.) ("It is improper for different petitioners to file a joint habeas petition in which they seek relief from different convictions, sentences, or other forms of detention." (citation omitted)); *Henry v. Barr*, 2020 WL 6877703, at *1 (N.D. Tex. Oct. 30, 2020) (Rutherford, Mag. J.) ("[A]llowing multiple petitioners to proceed on a single petition . . . presents a multitude of difficulties[.]" (cleaned up)), *report and recommendation adopted*, 2020 WL 6873604 (N.D. Tex. Nov. 23, 2020) (Cummings, J.); *U.S. ex rel. Bowe v. Skeen*, 107 F. Supp. 879, 881 (N.D.W. Va. 1952) (Watkins, J.) (recognizing that "[s]everal applicants can not join in a single petition for a writ of habeas corpus").

And that makes sense because the petitioners lack "any interest in the illegal restraint of the other petitioners." *Rouse*, 2017 WL 3394753, at *1. Plus, as Judge Middlebrooks explained when he denied Mamajonova's motion, "the circumstances surrounding [her] continued detention may differ from those alleged by Buriev." Omnibus Order, *Mamajonova v. Ripa*, No. 25-cv-60242-DMM (S.D. Fla. Mar. 14, 2025), ECF No. 11 at 2 (cleaned up). In other words, since both Buriev and Mamajonova are challenging their *own* detention, "the facts related to each petitioner will be different, and the procedural limitations on habeas corpus petitions will apply differently to each petitioner based on those facts, requiring independent examination for each litigant just the same as if [two] separate actions had been filed." *Black Elk v. Roy*, 2019 WL 885641, at *2 (D. Minn. Feb. 5, 2019) (Brisbois, Mag. J.) (cleaned up), *report and recommendation adopted*, 2019 WL 858671 (D. Minn. Feb. 22, 2019); *cf.*

---

petitioners sought "relief against common defendants" and raised "identical legal claims[ ] challenging the same policies and procedures applied and allegedly threatened to be applied to Haitian refugees in exclusion proceedings" (cleaned up)); *cf. Adderly v. Wainwright*, 58 F.R.D. 389, 400 (M.D. Fla. 1972) (Scott, J.) (holding that "it may be . . . rational and towards the ends of the law and justice to allow a petition for writ of habeas corpus to proceed analogously to [Federal Rule of Civil Procedure] 23" (cleaned up)). But, as we'll soon explain, we don't think joinder is appropriate here—even if such a thing were permitted.

*Borzych v. Bertrand*, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997) (Gordon, J.) ("Petitions for a writ of habeas corpus are by nature an individual action.").

*Second*, even if joinder *were* permitted in habeas cases, we find that granting Buriev's Motion for Joinder "would add nothing to judicial efficiency." *Swan*, 293 F.3d at 1253. Where the technical requirements for joinder are met, we have "discretion to deny joinder" if we find that "the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013) (Howard, J.) (cleaned up). Here, Buriev's and Mamajonova's petitions are proceeding along two very different timelines. Buriev filed his § 2241 petition on March 12, 2025. *See* Petition [ECF No. 5] at 1. But Mamajonova filed hers on January 30, 2025, and a response has already been filed, so Mamajonova's petition is nearly ripe for adjudication. *See* Petition, *Mamajonova v. Ripa*, No. 25-cv-60242-DMM (S.D. Fla. Feb. 7, 2025), ECF No. 1 at 9; Response, *id.* (S.D. Fla. Mar. 14, 2025), ECF No. 12. Under these circumstances, joinder would delay Mamajonova's proceedings and, as a result, prejudice her request for release. Since Buriev cannot show that joinder would "expedite the resolution of disputes," *Ulysse*, 645 F. App'x at 839, we find his request inappropriate here.

We therefore **ORDER AND ADJUDGE** that Davronbek Buriev's Motions for Joinder [ECF Nos. 3, 6] are **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on March 17, 2025.

 _____
 **ROY K. ALTMAN**
 **UNITED STATES DISTRICT JUDGE**

cc:   Davronbek Buriev, *pro se*

 Noticing 2241/Bivens U.S. Attorney
 Email: usafls-2255@usdoj.gov
 Noticing INS Attorney
 Email: usafls-immigration@usdoj.gov