UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-60459-ALTMAN

**DAVRONBEK BURIEV**,

    *Petitioner*,

v.

**WARDEN, GEO, BROWARD TRANSITIONAL CENTER and GARRETT RIPA**, **FIELD OFFICE DIRECTOR**,

    *Respondents*.
_____/

## ORDER

In his Petition, Davronbek Buriev alleges (among other things) that his pre-removal detention under 8 U.S.C. § 1225(b) violates his "due process [rights] under [the] Fifth Amendment." Petition [ECF No. 5] at 8 (cleaned up). But, in the Respondent's most recent Status Report, it notified us that Davronbek Buriev was "ordered removed to Uzbekistan" by an immigration judge, and that Buriev had until July 17, 2025, to appeal that decision. Status Report [ECF No. 19] at 2. After taking judicial notice of Buriev's immigration case, we find that Buriev never appealed his final order of removal to the Board of Immigration Appeals ("BIA") (available at: https://acis.eoir.justice.gov/en/caseInformation (search A-Number: 240-388-750) (last visited Aug. 11, 2025)).

Since Buriev hasn't appealed, the immigration judge's decision is now a final removal order. *See, e.g.*, *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003) ("On October 10, 2002, an Immigration Judge found De La Teja removable as charged in a decision which became a final removal order when De La Teja did not appeal that decision to the Board of Immigration Appeals by November 12, 2002." (citing 8 C.F.R. 241.1(c))). This means that Buriev is no longer being detained

under 8 U.S.C. § 1225(b); instead, he's now detained "pursuant to a wholly different statute[,] 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *De La Teja*, 321 F.3d at 1363. And, because the Attorney General is no longer acting under § 1225(b), any opinion on the legality of Buriev's detention under that provision would be "purely advisory in nature[.]" *Ibid.*

We therefore **ORDER AND ADJUDGE** the Respondent to submit a brief by **August 14, 2025**, (of no more than **five (5) pages**) on whether Buriev's claim that his pre-removal detention under 8 U.S.C. § 1225(b) violates due process is moot given his final order of removal.

**DONE AND ORDERED** in the Southern District of Florida on August 11, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Davronbek Buriev, *pro se*
      counsel of record